# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

United States Courthouse
402 East State Street, Room 241
Trenton, New Jersey   08608

**Hon. Christine M. Gravelle**  609-858-9370
United States Bankruptcy Judge    Fax   609-989-0431

## LETTER DECISION

February 20, 2025

**Sent via ECF & email**

Deborah Jill Chitester
107 Newman Ct.
Pennington, NJ 08534    bilingualspeechpath@gmail.com

Peter E. Zimnis, Esq.
Law Office of Peter E. Zimnis
1245 Whitehorse Mercerville Rd.
Suite 412
Trenton, NJ 08619    njbankruptcylaw@aol.com

Melissa N. Licker, Esq.
Hinshaw & Culbertson LLP
800 Third Avenue
Ste 13th Floor
New York, NY 10022    mlicker@hinshawlaw.com

Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853    arusso@russotrustee.com

    Re:    **Deborah Jill Chitester**
            **Chapter 13 – Case No. 24-13403 (CMG)**

Dear Litigants,

## INTRODUCTION

On February 5, 2025 this Court heard two motions in the captioned case. The first motion was a motion to dismiss the bankruptcy case filed by the Standing Chapter 13 Trustee, Al Russo

("Mr. Russo"). *See* ECF 106. The second motion was an untimely filing by the Debtor, Deborah Chitester ("Ms. Chitester"), in which she objected to the claim of creditor US Bank Trust N.A., Not in its Individual Capacity but Solely as Owner Trustee for VRMTG as serviced by Fay Servicing, LLC ("US Bank"). *See* ECF 109. In addition to the scheduled motions, the Court considered Ms. Chitester's request for authorization to issue Rule 2004 subpoenas to US Bank and its servicer, Fay Servicing.

Ms. Chitester appeared at the hearing, as did Mr. Russo, counsel for Mr. Russo, and counsel for US Bank. Ms. Chitester's bankruptcy counsel, who represented her through confirmation of her plan, also appeared. After considering the positions of the parties, the Court adjourned Mr. Russo's motion to March 19th so as to give Ms. Chitester additional time to complete the sale of her home. The Court denied Ms. Chitester's motion objecting to the claim of US Bank and denied Ms. Chitester's request for issuance of subpoenas.

Following the hearing, Ms. Chitester reached out to the Court indicating a desire to appeal the decisions on the claims motion and the subpoenas. She requested that the Court provide its reasoning for the decision to deny the claim modification and deny the issuance of the subpoena. For the benefit of Ms. Chitester, and for the benefit of the District Court in its determination of any potential appeal, I am issuing this supplemental statement of reasons.

**BACKGROUND**

The parties are aware of the extensive history of the case, which this Court will truncate to highlight only in relevant part. Ms. Chitester resides at 107 Newman Court, Pennington, New Jersey (the "Property"). The Property is subject to a final judgment in foreclosure issued on or about August 24, 2023. Ms. Chitester has continued to litigate the validity of the foreclosure post-judgment. In addition, she has filed actions in the New Jersey Superior Court, Law Division, and

the United States District Court for the District of New Jersey relating to the underlying loan documents.

The present bankruptcy was filed on April 2, 2024, immediately in advance of a Sheriff Sale scheduled on the Property. Ms. Chitester filed the case *pro se* and struggled to get the case off the ground. She has sent numerous correspondence into the Court referencing a disability and asking for accommodations including additional time to file certain documents. Though the correspondence is voluminous, it generally evidences a "dual track" purpose to the bankruptcy whereby Ms. Chitester planned to sell the Property while at the same time challenges the foreclosure process and the claim of US Bank. Ms. Chitester was able to retain counsel who filed a Chapter 13 plan formalizing the proposal to sell the Property, though counsel made clear that he would not be representing Ms. Chitester with regards to any claim objection as to the Property.

In October Ms. Chitester filed a document purporting to be a motion objecting to the US Bank claim. *See* ECF 86. However, the document was simply a form "Notice of Objection to Claim" with no information as to the basis for her objection. Ms. Chitester subsequently withdrew the motion subject to refiling. On November 20, 2024, the Chapter 13 plan, calling for the sale of the Property by December 31, 2024, was confirmed after a hearing. *See* ECF 99. In light of the length of time the case had progressed without Ms. Chitester filing a substantive objection to the US Bank claim, the Court set a deadline for the filing of an objection to the claim. *See* ECF 99. The Court further advised Ms. Chitester that the foreclosure judgment remained valid, and any challenge to the claim that she intended to file needed to relate to the amounts due, not the overall validity of the foreclosure process as this Court did not have the authority to invalidate the foreclosure judgment. As her confirmed plan provided for the immediate sale of the Property, which was intended to provide her with some equity after payment of the foreclosure judgment,

challenging the judgment itself is non-sensical. However, if she had evidence to show that the amount of the Foreclosure Judgment was incorrect, this Court would review it. A confirming order was entered on December 4, 2024 which provided that "[a]ny motion objecting to the US Bank claim #12-1 must be filed by 12/20/24 and the hearing on any objection will be 1/15/25." *See* ECF 99.

On January 3, 2025 Ms. Chitester belatedly filed a motion objecting to the US Bank claim as well as an adversary proceeding challenging the validity of the underlying lien. The adversary proceeding remains pending, with Defendant having filed a motion to dismiss, returnable on March 19th. Despite having been filed later than contemplated in the confirmation order, hearing on the motion was scheduled to be heard along with the Trustee's motion to dismiss on February 5, 2025.

While the motion was pending, on January 16, 2025 Ms. Chitester submitted to the Court two "Subpoenas for Rule 2004 Examination" of Fay Servicing. The first sought production of "loan mod. Denial- why-appeal-all statements, charges, fees broken down- comprehensible. All statement inc. corporate advances broken down- understand all info requested RFI never received but for which clarity was provided." The second subpoena was comparable, seeking "all items refused, RFI, NOE- loan mod. Denial, why, proof I was provided opportunity to appeal. Formula used to deny loan modification NPV test- all statements , explanation, appreciation payments, TPP, applied- explanation of all corporate advances."

Pursuant to D.N.J. LBR 2004-1(b), "a self-represented party seeking to compel an examination or production of documents or electronically stored information must file an application for an order compelling discovery." Rather than causing further delay by requiring Ms. Chitester to file such application, the Court forwarded the subpoena to counsel for US Bank and informed counsel that the matter would be discussed at the February 5, 2025 hearing.

**ANALYSIS**

<u>Application for Order Compelling Discovery</u>

Here, the Court has found that the subpoenas Ms. Chitester seeks to issue are improper. A Bankruptcy Rule 2004 examination is generally a broad investigation characterized as a "fishing expedition." <u>In re Summit Global Logistics</u>, 2008 WL 1446722, at *2-3 (Bankr. D.N.J. Apr. 9, 2008). However, limits to such discovery exist. <u>Id</u>. For instance, courts may quash Rule 2004 subpoenas where they seek discovery related to existing proceedings. <u>2435 Plainfield Ave., Inc. v. Twp. of Scotch Plains (In re 2435 Plainfield Ave., Inc.)</u>, 223 B.R. 440, 455-57 (Bankr. D.N.J. 1998). Further, courts will not permit Rule 2004 subpoenas where they would impose prejudice or injustice on the subpoenaed party. <u>In re Summit Global Logistics</u>, 2008 WL 1446722 at *3.

Here, the subpoenas are prejudicial and unjust to US Bank. The information being sought focuses on the denial of a loan modification which occurred prior to entry of the final judgment in foreclosure. Basic legal tenants such as res judicata, collateral estoppel, Rooker-Feldman and the entire controversy doctrine preclude the re-litigation of claims relating to the loan documents and relationship between the parties which occurred prior to the judgment. US Bank has expended time and resources in multiple jurisdictions litigating these issues. Forcing it to provide discovery here serves no purpose, as it will not affect the validity of a proof of claim based upon a final judgment in foreclosure and is irrelevant.

Additionally, Ms. Chitester has multiple actions pending with regards to the underlying loan documents. This includes a district court action which specifically relates to the loan modification, which Ms. Chitester seeks information about, as well as the adversary proceeding in this Court relating to the validity of the loan. It is inappropriate to utilize the more expansive Rule 2004 subpoena to obtain discovery for these other matters.

Motion to Dismiss filed by Mr. Russo

At the hearing, Mr. Russo pointed out that, in addition to Ms. Chitester's late filing of her objection to the proof of claim filed by US Bank, she had also missed the deadline for selling the Property as required in her confirmed plan. Ms. Chitester explained that she had every intention of selling the Property as soon as possible, but that she had a rat infestation problem that first needed to be addressed. As discussed below, the Court agreed to address the claims motion filed by Ms. Chitester, despite its late filing. The Court adjourned further consideration of Mr. Russo's motion to dismiss and will hear it in conjunction with US Bank's motion to dismiss the adversary proceeding brought against it by Ms. Chitester. The Court also extended deadline by which the Property must be sold to March 14th, giving Ms. Chitester one more chance to preserve some value for herself by consummating a sale of the Property under the protection of the Bankruptcy Court.

Claims Motion

Section 502 of the Bankruptcy Code controls the allowance of claims or interests in bankruptcy. See 11 U.S.C. § 502. Federal Rule of Bankruptcy Procedure 3001(f) provides that a properly filed claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). An objection to a proof of claim may shift the burden of proof. See United States v. Baskin and Sears, P.C., 207 B.R. 84, 86 (E.D. Pa. 1997). The Court of Appeals has concisely summarized the shifting burdens as follows:

> A claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the

>objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

In re Graboyes, 371 B.R. 113, 119 (E.D. Pa. 2007), citing, In re Allegheny Int'l, Inc., 954 F.2d 167, 173-4 (3d Cir. 1992) (citations omitted), In re Gimelson, 2004 U.S. Dist. LEXIS 23879, 2004 WL 2713059 at *13 (E.D. Pa. 2004), In re Galloway, 220 B.R. 236, 244 (Bankr. E.D. Pa. 1998). "A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity." In re Hollars, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996).

Here Ms. Chitester's motion fails to shift the burden of proof. She generally revisits her displeasure with her state court foreclosure attorney and the foreclosure process itself. She requests more information. But this case is now almost ten (10) months old. While Ms. Chitester has requested accommodations due to a disability, this Court has been more than fair in providing her with ample time to examine and articulate an objection to the specific amounts stated in the proof of claim. She has failed to do so here. The vague allegations and conclusory statements are insufficient to overcome the prima facie validity of the claim.

As this Court has explained to Ms. Chitester, her request to vacate the foreclosure judgment must be brought to the state court. Her displeasure with her state court attorney may support a separate cause of action that is unrelated to her objection to entry of the foreclosure judgment. This Court can only examine the amounts due under the foreclosure judgment. But Ms. Chitester has not provided any information indicating that the amounts claimed as due are incorrect.

**CONCLUSION**

For these reasons Ms. Chitester's motion to object to the claim of US Bank and her application for an order compelling discovery are DENIED. The motion to dismiss filed by Mr. Russo is adjourned to March 19th.

Very truly yours,

/s/Christine M. Gravelle

CMG/rtp
Docket

United States Bankruptcy Judge